EAST AND WEST RAILROAD COMPANY *v.* WALDROP.

A charge based upon the theory that the plaintiff was called upon to act in a sudden emergency tending to produce excitement or mental perturbation should not be given when there is no evidence tending to show that such an emergency in fact existed.

Argued November 11,—Decided December 11, 1901.

Action for damages.    Before Judge Janes.    Polk superior court.    April 24, 1901.

*Blance, Irwin & Wright,* for plaintiff in error.
*J. M. McBride* and *Sanders & Davis,* contra.

LUMPKIN, P. J.    It appears from the record before us that Waldrop, while a passenger of the East and West Railroad Company of Alabama, jumped from a moving train, was thereby injured, and obtained against the company a verdict for damages.    It brings here for review a judgment refusing to sustain its motion for a new trial.    Besides the general grounds, this motion is predicated upon a number of special assignments of error.    As the case is to be tried again, we will not express any opinion as to its merits and will deal with but one of the special grounds of the motion, none of the others being of sufficient importance to require special mention.    The court, among other things, charged the jury as follows: "If by the defendant's negligence the plaintiff was placed in the midst of circumstances calculated to excite and throw a man of ordinary prudence off his guard, and there was a sudden necessity for him to decide, without time for reflection, then his failure to act with perfect calmness and self-possession might not render him culpably negligent or wanting in ordinary care, even though he acted more unwisely in jumping from the train than a man of ordinary prudence, perfectly cool and self-possessed, would have acted.    The law allows the jury to take account of the excitement under which an act is done, even though the party is not menaced with bodily hurt, if the circumstances are such as naturally to produce excitement in a prudent person."    This charge is complained of as erroneous because the evidence did not warrant it.    After a careful reading of the evidence, our conclusion is that this exception to the charge is well taken.    There was no proof whatever of any negligence on the part of the defendant company giving rise to circumstances calculated to excite the plaintiff or throw him off his guard; nor was there any proof of an emergency which called upon him to decide, instantly and without time for deliberation, whether or not it would be safe for him to jump from the train.    It plainly appeared that he was in a perfectly safe place on the platform; and even if he was induced to leap therefrom by the advice or direction of the conductor, there was absolutely nothing to bring about any

mental perturbation or to show that he was in a position where the question of his safety depended upon his choosing either to remain on the car or leave it. It did appear that he had been carried past the point at which he wished to alight; but certainly this did not give rise to any such emergency as would authorize the instruction of which complaint is made.

*Judgment reversed.　All the Justices concurring.*